848 So.2d 361 (2003)
Joe BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-440.
District Court of Appeal of Florida, Fourth District.
April 16, 2003.
Rehearing Denied July 17, 2003.
*362 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
FARMER, J.
In a case involving theft of a purse, defendant was charged with strong arm robbery but convicted of robbery by sudden snatching. Because we find that the trial court erroneously instructed the jury and that, in any case, the evidence does not support the conviction, we reverse.
On the day in question, the victim sat on a park bench with a friend. The bench was partially bordered by bushes about three feet high. Victim placed her purse on the bench near her but apart from her person. Her friend noticed defendant riding a bicycle past them "a couple of times." Presently, they heard a rustling in the bushes. Her friend looked in that direction and saw defendant running away. Victim also turned and only then became aware that her purse had been taken. Her friend ran after defendant, who he noticed was carrying her purse. After an altercation, defendant was arrested at the scene.
With this evidence, the state rested. Defendant moved for judgment of acquittal *363 on the strong arm robbery charge, arguing that victim had not been placed in fear, and was not herself the target of any violence, threat, or assault. The trial court granted the motion and reduced the charge to robbery by sudden snatching.[1] Defendant objected, arguing that the purse was not on victim's person when stolen, but was placed instead next to her on the park bench. The court overruled the objection, stating that because the purse was within her reach, it was tantamount to being on her person.
During the charge conference, the trial court proposed to instruct the jury with the definition of "possession" from the standard jury instruction on possession of controlled substances. Defendant objected. The trial court overruled the objection and gave the following instruction:
"Actual possession means (A) that the thing is in the hands of or on the person, or (B) that the thing is in a container in the hands of or on the person, or (C) the thing is so close as to be within ready reach and is under the control of the person." [e.s.]
The jury convicted defendant of robbery by sudden snatching, and he now appeals.
The state argues that the text of the robbery by sudden snatching statute, section 812.131(1) ("from the victim's person"), does not require that the item be taken from the actual, physical possession of the victim. According to the state, the "from the victim's person" text requires only that the item be within the victim's reach and control. The state bases this argument on the doctrine "in pari materia." See Ferguson v. State, 377 So.2d 709, 710 (Fla.1979) ("[S]tatutes which relate to the same or to a closely related subject or object are regarded as in pari materia and should be construed together and compared with each other."). The contention is that the robbery by sudden snatching statute should be read in pari materia with the general robbery statute, which has been interpreted not to require actual, physical possession by the victim.[2]
The state emphasizes that legislative intent is the "polestar" for statutory interpretation. In this instance, the state argues, the Legislature has indicated an intent that the property suddenly snatched need not actually be on the victim's *364 person. The state points out that the robbery by sudden snatching statute explicitly eliminates any requirement that the state prove that the offender used force in snatching the property or that the victim was injured or resisted the taking.[3]
The state's argument is invalid. In the first place, the "in pari materia" canon of statutory construction would be appropriate only if we found the statute ambiguous, and we do not. See McLaughlin v. State, 721 So.2d 1170 (Fla.1998) (when language of statute is clear and unambiguous and conveys clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning); see also Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (same); A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931) (same). Even if "in pari materia" were indicatedand we stress that it is notit applies only when two different statutory provisions deal with the same specific subject or with subjects so connected that the meaning of the one informs the other. Here, one statute deals with robbery generally, but the other deals only with a specific form of robbery. Nothing about the "in pari materia" canon suggests that criminal statutes on a specific topic must necessarily be interpreted identically to statutes on a topic touching the same subject only generally.
Moving on from the canon of statutory construction, there is no basis for us to look to "polestars" when the ship of statutory interpretation is guided by clear text. That is to say, we look only to clear text for statutory meaning, not to the stars. The text of the specific crime of robbery by sudden snatching defines the offense differently than the general crime of robbery. The text pointedly omits any reference to the person's "custody," a term that would have indicated that a snatching might occur from nearby the person.
With the sudden snatching offense, the clear import of the statute's words is to require that the property be abruptly and unexpectedly plucked from the embrace of the person, not from that person's figurative biosphere. It also requires that the victim become aware of the sudden snatching while it is underway. The statute thus addresses the horror of a victim who is conscious of the startling seizure of something from her hand or person. It is not concerned with a surreptitious taking out from under the victim's senses. The erroneous instruction improperly allowed the jury to convict when the property snatched was not actually taken from the person of the victim.
Because the evidence shows that the property was not on the victim's person, and that in any event the victim herself made it obvious that she was unaware of the snatching until after it had been accomplished, defendant should be acquitted of the charge of robbery by sudden snatching. Accordingly, the case is returned for such further proceedings as may be necessary.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
KLEIN, J., concurs.
LEVIN, STEVEN J., Associate Judge, dissents with opinion.
*365 LEVIN, STEVEN, J., Associate Judge, dissenting.
I respectfully dissent from the majority as the taking of the victim's purse was a taking from the victim's person. The fact that the purse in the instant case was merely inches from the person does not prevent the taking from being from the victim's person. The jury properly found from the specific facts of this case that the purse was taken from the person. The purse was within arm's length of the victim. The trial court was correct in its interpretation of the statute and properly instructed the jury that an item is in possession of a person if "the thing is so close as to be within ready reach and is under the control of the person." (emphasis supplied). The exact distance needed to support the item being taken from the person is a factual determination made by the jury and that finding should not be disturbed on appeal absent a showing of an abuse of discretion.
In addition, the "Robbery by sudden snatching" statute requires the victim to be aware of the taking in the course of the taking. "In the course of the taking" can be subsequent to the taking. In the instant case, although the victim was unaware of the taking at the time of the taking, the victim did become aware of the taking as the defendant was fleeing after the taking. This fact satisfies the statutory requirement of section 812.131, Florida Statutes, as it was a "continuous series of acts or events." § 812.131(3)(b)(emphasis supplied). For these reasons, the conviction should be affirmed.
NOTES
[1] See § 812.131(1), Fla. Stat. (2000) ("`Robbery by sudden snatching' means the taking of money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that: (a) The offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or (b) There was any resistance offered by the victim to the offender or that there was injury to the victim's person.").
[2] Section 812.13(1) defines "robbery" as "the taking of money or other property...from the person or custody of another." [e.s.] In Jones v. State, 652 So.2d 346, 350 (Fla.1995), the court held that the phrase "from the person or custody of another" does not require actual, physical possession. It is enough if the item is:

"sufficiently under the victim's control so that the victim could have prevented the taking if she had not been subjected to violence or intimidation by the robber."
652 So.2d at 350 (quoting from 2 LAFAVE & SCOTT, SUBSTANTIVE CRIMINAL LAW § 8.11(c), at 443 (1986)). The court added that under the robbery statute:
"If [the property] is away from the owner [or custodian], yet under his control, for instance in another room of the house, or in another building on his property, it is nevertheless in his personal possession; and if he is deprived thereof, it may well be said it is taken from his person."
Id. (quoting from Wood v. State, 98 Fla. 703, 124 So. 44, 46 (Fla.1929)).
[3] See § 812.131(1)(a) and (b) ("In order to satisfy this definition [of robbery by sudden snatching], it is not necessary to show that: the offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or there was any resistance offered by the victim to the offender or that there was injury to the victim's person.").