872 So.2d 445 (2004)
STATE of Florida, Appellant/Cross-Appellee,
v.
Manuel Ramon FLOYD, Appellee/Cross-Appellant.
Nos. 2D03-1696, 2D03-3326.
District Court of Appeal of Florida, Second District.
May 14, 2004.
*446 James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
The State appeals the downward departure sentence imposed on Manuel Ramon Floyd upon his conviction of robbery by sudden snatching, and Floyd cross-appeals his conviction. We reverse Floyd's conviction, thereby rendering the State's appeal moot.
At Floyd's jury trial, the victim testified that she was sitting in her car smoking a cigarette when Floyd, a man she knew but had not seen for years, walked up and asked for a cigarette. After the victim gave him a cigarette, Floyd asked if he could sit and talk with her. The victim responded affirmatively, and the two sat and talked for about ten minutes. When Floyd left the car, he grabbed the victim's purse, which she said was sitting on the car seat between the outside of her right leg and the center console of the vehicle. The victim grabbed Floyd from the back of his pants, which resulted in her being pulled over onto the passenger's side of the car, but he got away.
After the State rested, Floyd's defense counsel moved for judgment of acquittal, arguing that the robbery by sudden snatching statute requires that the property be taken from the person of the victim rather than from the person or custody of the victim as required by the robbery statute. Because the victim testified that her purse was taken from the seat of the car, defense counsel argued that the charge against Floyd should be reduced to theft.
The trial court denied the motion, finding that because the victim grabbed Floyd as he was exiting the car, there was actual contact with the victim. When defense counsel moved at sentencing for a determination notwithstanding the verdict and a reduction of the conviction to petit theft, the court again denied the motion, this time finding that the victim had constructive possession of the purse because she had possession of Floyd.
Section 812.131(1), Florida Statutes (2002), defines robbery by sudden snatching in pertinent part as "the taking of money or other property from the victim's person." (Emphasis supplied). As the Fourth District has explained, this statute:
[P]ointedly omits any reference to the person's "custody," a term that would have indicated that a snatching might occur from nearby the person.
With the sudden snatching offense, the clear import of the statute's words is to require that the property be abruptly and unexpectedly plucked from the embrace of the person, not from that person's figurative biosphere.
Brown v. State, 848 So.2d 361, 364 (Fla. 4th DCA 2003).
In the present case, the victim's purse was not "plucked from [her] embrace" because Floyd grabbed it from the seat of the car. The fact that the victim grabbed Floyd after he grabbed her purse does not convert his taking of her purse from the seat of her car into the taking of her purse from her person. Thus, the trial court erred in denying Floyd's motion for judgment *447 of acquittal, and Floyd's conviction of robbery by sudden snatching cannot stand.
Accordingly, we reverse Floyd's conviction and remand with directions that a judgment of petit theft be entered against him and that he be resentenced. Our holding renders the State's appeal of Floyd's sentence moot.
Reversed and remanded with directions.
NORTHCUTT and KELLY, JJ., Concur.