**UNITED STATES of America,**

v.

**Travis Wayne DAVIS, Defendant.**

**No. CR-04-21-B-W.**

United States District Court,
D. Maine.

Jan. 18, 2005.

Jon Haddow, Farrell, Rosenblatt & Russell, Bangor, ME, for Travis Wayne Davis, Defendant.

Gail Fisk Malone, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## PRESENTENCE ORDER

WOODCOCK, District Judge.

Having pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), Travis Davis questions whether his prior conviction under Florida law for Robbery by Sudden Snatching constitutes a crime of violence under the Sentencing Guidelines.[1] This Court concludes the Defendant's prior conviction for Robbery by Sudden Snatching, a violation of Florida Statute § 812.131, is a "crime of violence" under U.S.S.G. §§ 2K2.1(a) and 4B1.2.[2, 3]

## I. ROBBERY BY SUDDEN SNATCHING: FLORIDA STATUTE § 812.131

Mr. Davis pleaded guilty in Orange County Circuit Court on February 24, 2003 to an October 25, 2002 Robbery by Sudden Snatching, a violation of § 812.131.[4] Fl. Stat. § 812.131. He was

1. Under *Booker v. United States*, —— U.S. ——, 125 S.Ct. 738, 766–67, 160 L.Ed.2d 621 (2005), although not bound to apply the Guidelines, the sentencing court must "consult those Guidelines and take them into account when sentencing."

2. Mr. Davis has another Florida conviction, a December 17, 1999 conviction for a June 17, 1999, Battery in Orange County Juvenile Court in Orlando, Florida, a violation of Fl. Stat. § 784.03. The Government and the Defendant agree this conviction is not a predicate conviction under U.S.S.G. § 2K2.1. Whatever misgivings this Court has about whether the parties are right in light of *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) and *McCarthy v. United States*, 135 F.3d 754 (11th Cir.1998), they do not compel the conclusion the parties are necessarily wrong, especially in the face of their agreement. *See United States v. Moore*, 286 F.3d 47 (1st Cir.2002); *United States v. Bregnard*, 951 F.2d 457 (1st Cir.1991), *cert. denied*, 504 U.S. 973, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *United States v. Sanford*, 327 F.Supp.2d 54, 57 (D.Me.2004) (addressing two-tiered Massachusetts statute).

3. In the Commentary to § 2K2.1, Application Note 1 defines "crime of violence" as having "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2 (Definitions of Terms Used in Section 4B1.1)."

4. Section 812.131 provides as follows:

 (1) "Robbery by sudden snatching" means the taking of money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that:
 (a) The offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or
 (b) There was any resistance offered by the victim to the offender or that there was injury to the victim's person.
 (2)(a) If, in the course of committing a robbery by sudden snatching, the offender carried a firearm or other deadly weapon, the robbery by sudden snatching is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 (b) If, in the course of committing a robbery by sudden snatching, the offender carried no firearm or other deadly weapon, the robbery by sudden snatching is a felony of the third degree, punishable as provided in s. 775.082, 775.083 or s. 775.084.

sentenced to time served, 100 days in jail. To establish a violation of this statute, the law provides the defendant must have taken "money or other property from the victim's person, with intent to permanently or temporarily deprive the victim..." The statute further provides if the victim "was or became aware," it is not necessary to show the offender "used any amount of force beyond that effort necessary to obtain possession of the money or other property" and it is also not necessary to show that "there was any resistance offered by the victim." § 812.131(1)(a),(b).[5]

## A. Robbery By Sudden Snatching Is Punishable By Imprisonment For A Term Exceeding One Year.

A violation of this statute (without carrying a firearm or other dangerous weapon) is punishable as a felony of the third degree. Fla. Stat. § 812.131(2)(b) ("sudden snatching is a felony of the third degree"); § 775.082(3)(d)("For a felony of the third degree... a term of imprisonment not exceeding 5 years"). It is, therefore, "punishable by imprisonment for a term exceeding one year..." within the meaning of U.S.S.G. § 4B1.2(a).

## B. Robbery By Sudden Snatching Is A Crime Of Violence.

### 1. The Guidelines.

 The remaining question is whether Robbery by Sudden Snatching "has as an element the use, attempted use, or threat-

ened use of physical force against the person of another..." U.S.S.G. § 4B1.2(a)(1). The Application Notes to § 4B1.2 assist this analysis. First, the Notes list "robbery" (although not specifically robbery by sudden snatching) as one of the named crimes of violence. U.S.S.G. § 4B1.2, Application Note. 1. Second, the Notes state that if a non-listed crime has "as an element the use, attempted use, or threatened use of physical force against the person of another," it is a crime of violence. *Id.* Third, a crime that "by its nature, presented a serious potential risk of physical injury to another" is a crime of violence. *Id.*

### 2. The *Taylor* Analysis.

 To determine whether a prior conviction is a conviction for a crime of violence, the United States Supreme Court has mandated a "categorical approach," holding that the trial court is generally required to "look only to the fact of conviction and the statutory definition of the prior offense". *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The trial court is to proceed "without regard to the particular facts" underlying the crime. *United States v. Meader,* 118 F.3d 876, 882 (1st Cir.1997), *cert. denied,* 522 U.S. 1064, 118 S.Ct. 729, 139 L.Ed.2d 667 (1998). If the statute could encompass both violent and non-violent crimes, the sentencing court may "go beyond the fact of conviction...

(3)(a) An act shall be deemed "in the course of committing a robbery by sudden snatching" if the act occurs in an attempt to commit robbery by sudden snatching or in fleeing after the attempt or commission. (b) An act shall be deemed "in the course of the taking" if the act occurs prior to, contemporaneous with, or subsequent to the taking of the property and if such act and the act of taking constitute a continuous series of acts or events.

Fl. Stat. § 812.131.

5. The statute provides if the defendant carried a firearm or other deadly weapon, a robbery by sudden snatching is a felony of the second degree. § 812.131(2)(a). There is no indication Mr. Davis was charged with carrying a firearm or other dangerous weapon when he committed the October 25, 2002 robbery.

(and) examine the indictment or information and jury instructions in order to discern which type of crime the offender was convicted of perpetrating." *United States v. Sherwood*, 156 F.3d 219, 221 (1st Cir. 1998) (citation omitted). The First Circuit has held that crimes of violence are those which call "to mind a tradition of crimes that involve the possibility of more closely related, active violence." *United States v. Doe*, 960 F.2d 221, 225 (1st Cir.1992). In that vein, to decide whether a crime constitutes a "crime of violence," the Court may examine "the typical run of conduct" for the offense. *Sherwood*, 156 F.3d at 221.

Turning first to the language of the statute itself, it is significant that the statute requires the property be taken "from the victim's person." Fla. Stat. § 812.131(1). Although the Robbery by Sudden Snatching statute does not mandate that the offender use any amount of force or that the victim resist or become injured, the statute does contain a significant requirement: "in the course of the taking," the victim "was or became aware of the taking." *Id.* It defines "in the course of the taking" to mean "prior to, contemporaneous with, or subsequent to the taking of the property and if such act and the act of taking constitute a continuous series of acts or events." § 812.131(1), (3)(b). To constitute a crime under this statute, the victim, therefore, had to be aware before, during, or after the robbery, his or her property was being taken.

█ Performing its categorical analysis, the sentencing court is permitted to review the state court construction of the statutory elements of the crime. *Emile v. INS*, 244 F.3d 183, 187 (1st Cir.2001). In interpreting the "from the victim's person" language, Florida courts have distinguished

between the statutory definition of "Robbery,"[6] which is the "taking of money or other property... from the person *or custody* of another," Fla. Stat. § 812.13(1) (emphasis supplied); and Robbery by Sudden Snatching, which criminalizes taking property "from the victim's person." § 812.131(1); *State v. Floyd*, 872 So.2d 445 (Fla. 2nd Dist.Ct.App.2004); *Brown v. State*, 848 So.2d 361, 364 (Fla. 4th Dist.Ct. App.2003). Thus, in *Brown*, a defendant was not guilty of violating the Robbery by Sudden Snatching statute when he grabbed a woman's purse that was beside her, "but apart from her person" on a park bench, *Brown*, 848 So.2d at 362; and in *Floyd*, a defendant was not guilty when he snatched a woman's purse located near the center console of an automobile, but not on her person. *Floyd*, 872 So.2d at 446. To violate § 813.13, Florida courts require that the property be "plucked from the embrace of the person, not from that person's figurative biosphere." *Brown*, 848 So.2d at 364.

In view of the statutory elements as illuminated by Florida state construction, First Circuit authority compels an affirmative response to the question of whether Robbery by Snatching is a crime of violence. In *United States v. McVicar*, 907 F.2d 1, 2 (1st Cir.1990), the First Circuit considered whether a Tennessee conviction for "larceny from the person" constituted a crime of violence. In concluding it did, the First Circuit wrote the following:

The (Tennessee) statute sets forth a serious penalty of three to ten years confinement "in the penitentiary;" and it specifies that the "theft must be from the person; it is not sufficient that the property be merely in the presence of

---

**6.** The Eleventh Circuit has held a conviction for Robbery under Fla. Stat. § 812.13(1) is a conviction for a crime of violence under 18

U.S.C. § 16(b). *United States v. Gonzalez–Lopez*, 911 F.2d 542, 548 (11th Cir.1990).

the person from whom it is taken." Tenn.Code Ann. § 39–3–1106 (1988). *Taking property directly from a person seems to us to run a "substantial" or "serious" risk that "physical force" or "physical injury" will follow."*

*Id.* at 2 (emphasis supplied). With the exception of the reference to the ten year term of imprisonment in the penitentiary, the First Circuit could have been addressing the Florida Robbery by Snatching statute. *See also United States v. De Jesus,* 984 F.2d 21, 23–25 (1st Cir.1993).

All other circuits that have considered similar predicate offenses have agreed with the First Circuit. *See United States v. Smith,* 359 F.3d 662, 664–65 (4th Cir. 2004) (Virginia conviction for larceny from the person is a crime of violence); *United States v. Howze,* 343 F.3d 919 (7th Cir. 2003) (theft from a person constitutes crime of violence);[7] *United States v. Griffith,* 301 F.3d 880 (8th Cir.2002), *cert. denied,* 537 U.S. 1225, 123 S.Ct. 1339, 154 L.Ed.2d 1087 (2003) (theft from a person constitutes crime of violence); *United States v. Payne,* 163 F.3d 371 (6th Cir. 1998) (larceny from the person is a crime of violence); *United States v. Hawkins,* 69 F.3d 11 (5th Cir.1995)(felony theft from a person constituted a crime of violence).

## II. CONCLUSION

In accordance with *McVicar,* this Court concludes that Travis Davis' 2003 Florida felony conviction for Robbery By Sudden Snatching, a violation of Fla. Stat. 813.131,

constitutes a crime of violence under U.S.S.G. § 4B1.2.

**SO ORDERED.**

---

7. *Howze* is particularly instructive, because previously the Seventh Circuit had held that theft from a person was not a crime of violence. *See United States v. Lee,* 22 F.3d 736 (7th Cir.1994). Noting that every other circuit that had addressed the question of whether street crimes were crimes of violence had ruled they were, the Seventh Circuit overruled *Lee. Howze,* 343 F.3d at 924. In doing so, *Howze* specifically addressed purse snatching: "A purse snatching may dislocate the victim's shoulder or elbow, or lacerate her arm...." *Id.*