927 So.2d 90 (2006)
Christopher Nelson NICHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1758.
District Court of Appeal of Florida, First District.
April 11, 2006.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, C.J.
In this criminal case, we consider whether the undisputed facts presented by appellant's motion to dismiss will support a conviction for "robbery by sudden snatching" as that offense is defined by section 812.131(1), Florida Statutes (2004). Because the appellant here did not take the property at issue from the victim's person, we reverse this conviction.
The facts are set out in the motion filed by appellant pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). At the time and place in question, appellant "grabbed a purse from a shopping cart being pushed by Heidi Day, and ran." Nothing indicates that the purse was either being held by the victim or was otherwise on her person. The victim became immediately aware of appellant's actions as he took the purse from the shopping cart. No force against her, nor touching of her, occurred.
In 1999, the Legislature created the statutory offense of robbery by sudden snatching. The definition of that offense will ensnare any person guilty of "the taking of money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking." § 812.131(1), Fla. Stat. (1999); see Ch. 99-175, § 1, at 969, Laws of Fla. The Legislature apparently established this offense in response to the Florida Supreme Court's decision in Robinson v. State, 692 So.2d 883 (Fla.1997). By enacting the statute, *91 the Legislature sought to make clear that, henceforth, the sudden snatching of property by no more force than is necessary to remove the property from a person who does not resist would amount to a species of robbery in Florida. See State v. Floyd, 872 So.2d 445, 446 (Fla. 2d DCA 2004); Brown v. State, 848 So.2d 361, 364 (Fla. 4th DCA 2003); Owens v. State, 787 So.2d 143, 143-44 n. 1 (Fla. 2d DCA 2001). See also Fla. H.R. Comm. on Jud., HB 425 (1999) Staff Analysis (Final June 23, 1999).
We cannot distinguish the present situation in any meaningful way from that in State v. Floyd. In Floyd, the defendant made off with a purse located on the driver's seat of the victim's car between the outside of the victim's right leg and the center console of the car. 872 So.2d at 446. In addition, the victim tried to grab the back of Floyd's pants as he made his getaway and, as a result, was dragged over onto the passenger's side of the car. Id. The Second District reversed the conviction relying upon Brown v. State, 848 So.2d 361 (Fla. 4th DCA 2003). Both the Second and Fourth Districts noted that the sudden-snatching statute "pointedly" contains no reference to the victim's "custody." See Floyd, 872 So.2d at 446; Brown, 848 So.2d at 363-64. Accordingly, the Floyd court and the Brown court determined that "`the clear import of the statute's words is to require that the property be abruptly and unexpectedly plucked from the embrace of the person.'" Floyd, 872 So.2d at 446 (quoting Brown, 848 So.2d at 364).
The State argues that we should not follow Brown because, in the present case, the victim actually had control of the shopping cart. This argument, however, does not take into account the facts in Floyd, where the purse was directly on the victim's car seat, between the victim's leg and the center console. The statutory requirement of taking from the victim's person needs no further construction. Of course, if appellant committed the offense as alleged, he would be guilty of theft. Nevertheless, he may not be convicted of robbery. The trial court should have granted the motion to dismiss.
REVERSED and REMANDED.
WOLF and BENTON, JJ., concur.