ON MOTION FOR REHEARING

RAMIREZ, J.
We deny appellee State of Florida’s motion for rehearing, and grant its motion for clarification. This Court’s May 24, 2006 opinion is withdrawn and the following opinion is substituted in its stead.
David Michael Walker appeals his judgment of conviction and sentence for robbery by sudden snatching. We reverse because the State failed to prove beyond a reasonable doubt that the victim knew that her property was being taken during the course of the taking.
The victim testified that she was on a public bus on her way to take care of business. She saw Walker and a female enter the bus. The victim had a raincoat and a black purse with long straps with her. When the victim rang the bus to stop, she opened her purse to get her umbrella. She saw her wallet and makeup case inside. She got her umbrella, closed her purse, and placed it under her arm. The bus then stopped and she got up to walk to the front of the bus. She put her raincoat on and held her purse outside of her raincoat.
When the victim reached the front of the bus to exit, the female jumped in front of her and did not allow her to get off. The female bent down, looked for something inside of her [the female’s] bag, and told her to wait a minute. She felt a “tug” on her purse, like a push. She turned around and looked at Walker, and she told him “Sir, please don’t push. We are all getting off the bus if the lady let’s [sic] me get off.” She thought that something weird was happening when she felt her bag being tugged. She pulled the bag in front of her. She wanted to keep her purse safe. She heard Walker say, “Got it.” She, along with Walker and the female, then exited the bus. She proceeded to a taxi stand, and when she arrived home approximately five minutes later, she realized that her purse was open, and that her wallet and make-up case were gone.
The victim also testified that she was not clutching her purse when Walker bumped into her. She only clutched her purse when she felt the tugging and the bump because she felt that something was going on that was not right. She never felt her bag being opened and she never felt or saw any items being removed from her purse while she was on the bus. When she turned around and saw Walker, Walker had something wrapped around his arm which she could not identify. When she felt the “tug,” she could not tell the purpose of it. If she had known that her items were being taken out of her wallet, right there she would have told the driver to call the police — that she was being robbed.
The State charged Walker with robbery by sudden snatching. The court instructed the jury on the crime of petit theft as a lesser included offense of the crime charged. Walker moved for judgment of acquittal which the court denied. We find that the court improperly denied the motion.
Section 812.131(1), Florida Statutes (2000), defines robbery by sudden snatching as follows:
‘Robbery by sudden snatching’ means the taking of money or other property from the victim’s person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that: (a) The offender used any amount of force beyond that effort necessary to obtain possession of the money *1238 or other property; or (b) There was any resistance offered by the victim to the offender or that there was injury to the victim’s person.
(emphasis added). The language of the statute provides that the victim must become aware of the sudden snatching at the time during which the snatching is taking place. This is as an essential element of the crime under section 813.131(1).
In Brown v. State, 848 So.2d 361 (Fla. 4th DCA 2003), a case factually similar to this case, the Fourth District likewise interpreted the statute to require that the victim become aware of the sudden snatching while the robbery is underway. The victim in Brown sat on a park bench with a Mend on the day of the robbery. She placed her purse on the bench near her, but apart from her person. The victim’s Mend noticed that the defendant was riding a bicycle past them and then they heard a rustling in the bushes. Her friend looked in that direction and saw the defendant running away. The victim also turned and then, at that point, the victim became aware that her purse had been taken. The jury convicted the defendant of robbery by sudden snatching. Id. at 364. The Fourth District disagreed, finding that the defendant should be acquitted of the charge of robbery by sudden snatching because the victim failed to have possession, and the victim herself made it obvious that she was unaware of the snatching at the time during which the robbery occurred. Id.
We agree with the Fourth District holding in Brown and see no factual distinction here, in light of the victim’s own testimony in this case. Even if we take the facts in the light most favorable to the State, as we are obligated to do, the evidence does not show that the victim was aware that anything had been taken at the time during which the robbery occurred. The victim actually admitted that, had she known of the robbery when she was on the bus, she would have instructed the driver to contact the police and would have also told him that she was being robbed. She did neither. And, it is undisputed that she did not discover that her property was missing until after she arrived home shortly after the robbery.
We therefore reverse Walker’s conviction and sentence of robbery by sudden snatching, and remand to the trial court with directions to enter judgment for petit theft.