977 So.2d 802 (2008)
Wanas WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3193.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
*803 Carey Haughwout, Public Defender, John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. Mclntire, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
The issues on this appeal concern defendant's convictions for robbery by sudden snatching, three counts of fraudulent use of a credit card, and grand theft by fraudulent use of credit card. We reverse all of them. Only the grand theft charge may be retried.
There was no evidence presented by the state to show that the robbery of the victim's purse occurred by sudden snatching. As we held in Brown v. State, 848 So.2d 361, 364 (Fla. 4th DCA 2003), the stolen property must have been "abruptly and unexpectedly plucked from the embrace of the person, not from that person's figurative biosphere." In this case, the state presented no testimony or other evidence indicating that the purse was taken from the victim's person. Accordingly, the judgment and sentence for robbery by sudden snatching must be reduced to petit theft.
In proving up the charge of grand theft by fraudulent use of credit card, the state relied on an affidavit given by the owner of the credit card as to its use without the permission of the owner. In admitting the affidavit, the court held that the affidavit qualified for admission under the business records exception to the hearsay rule. § 90.803(6), Fla. Stat. (2007). This was error.
To secure admissibility as a business record, the proponent must show that the record (1) was made at or near the time of the event recorded; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record. Yisrael v. State, ___ So.2d ___, ___, 2008 WL 450398 *4, 33 Fla. L. Weekly S131 (Fla. Feb. 21, 2008) (citing Jackson v. State, 738 So.2d 382, 386 (Fla. 4th DCA 1999)). In Brooks v. State, 918 *804 So.2d 181 (Fla.2005), the court made clear that:
"To the extent the individual making the record does not have personal knowledge of the information contained therein, the second prong of the predicate requires the information to have been supplied by an individual who does have personal knowledge of the information and who was acting in the course of a regularly conducted business activity. If this predicate is not satisfied, then the information contained in the record is inadmissible hearsay, unless it falls within another exception to the hearsay rule." [c.o.]
918 So.2d at 193.
In this case, the affidavit was a statement under oath by the owner of the credit card who was not the witness who identified the affidavit in court. It was introduced as a business record of the Chase Manhattan Bank. No witness of the Bank gave testimony as to personal knowledge of the information in the affidavit, how the affidavit was obtained, or how it constituted a business record of the Bank. There was no testimony from the custodian of the Bank's records. The witness introducing the affidavit was the fraud investigator for the Bank who apparently procured the affidavit. As introduced at trial, the affidavit had none of the required indicia of reliability for a business record. Because this is an erroneous admission of evidence, the remedy is a new trial.
Finally we accept the state's concession that the three counts of fraudulent use of a credit card are different degrees of the crime of grand theft by fraudulent use of a credit card and the trial court should have granted the motion for judgment of acquittal as to those counts.
The conviction for robbery by sudden snatching is reduced to petit theft, and defendant shall be resentenced accordingly. Because our reversal results in judgments of acquittal on counts II, III and IV, only count V (grand theft by fraudulent use of credit card) may be retried.
Reversed.
STONE and WARNER, JJ., concur.