**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-50297

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SAMMY LEE BRYANT, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-151-ALL

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Sammy Lee Bryant, Jr. pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. He now appeals his sentence, claiming that the district court erred in applying an enhancement for career-offender status. Finding no reversible error, we affirm Bryant's sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

A grand jury indicted Bryant for two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. The two counts of the indictment differed only in the dates of the alleged offenses. Pursuant to a plea agreement, Bryant pleaded guilty to Count Two of the indictment. His pre-sentence report categorized him as a "career offender" as defined in section 4B1.1 of the United States Sentencing Guidelines (the "Guidelines") in part because it considered Byrant's prior Florida state conviction for robbery by sudden snatching as a "crime of violence" under section 4B1.2. As a career offender, Bryant's criminal history category increased one level to category VI and his total offense level increased from 25 to 31. He filed an objection to the pre-sentence report, contending that his conviction for robbery by sudden snatching was not a crime of violence because Florida law does not require the use of force against a person when committing that offense. The district court rejected Bryant's objection, concluding that the Florida offense was a crime of violence and that Bryant was thus a career offender.

At sentencing, the government, for the limited purposes of the instant appeal, agreed to refrain from enforcing the appeal waiver provision contained in Bryant's plea agreement. Bryant timely filed a notice of appeal.

## II. ANALYSIS

### A.    Standard of Review

We review *de novo* a district court's application of the Guidelines, including its determination that a prior conviction is a crime of violence.[1]

---

[1] *United States v. Herrera-Montes*, 490 F.3d 390, 391 (5th Cir. 2007). We would review the district court's factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). In the instant case, however, Bryant asks us to make a purely legal determination.

## B.    Claimed Sentencing Error

The sole issue that Adams asks us to resolve is whether his prior conviction for "robbery by sudden snatching" in violation of Florida law constitutes a "crime of violence" as defined in section 4B1.2 of the Guidelines. Even though Bryant concedes that he was convicted of the offense, the record includes neither the Florida indictment nor any other evidence that offers details of the commission of the crime. Under these circumstances, we "proceed with the assumption that the conduct constituted the 'least culpable act' satisfying the count of conviction."[2]

Section 4B1.2 of the Guidelines defines "crime of violence" as follows:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year,[3] that —

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[4]

The commentary to the Guidelines, which we consider authoritative,[5] enumerates several offenses that are "crimes of violence." Robbery is one such offense.[6] If the subject state offense is enumerated, there is no need to inquire

---

[2] *United States v. Mohr*, 554 F.3d 604, 2009 WL 26766, at * 2 (5th Cir. 2009) (quoting *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004)).

[3] Florida robbery by sudden snatching is a felony of the third degree punishable for a term of imprisonment not exceeding five years. FLA. STAT. ANN. § 812.131(2)(b) (defining the offense as a "felony of the third degree"); *id.* § 775.082(3)(d) (indicating that such felonies are punishable by a term of imprisonment of up to five years).

[4] U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (2008).

[5] *United States v. Wise*, 447 F.3d 440, 446 (5th Cir. 2006) (per curiam).

[6] U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1.

further regarding whether the offense constitutes a "crime of violence."[7] Yet, to determine whether a state offense — here, Florida "robbery by sudden snatching" — falls within the enumerated predicate offense — here, "robbery," a term that the Guidelines leaves undefined — we must first find the "generic, contemporary meaning" of the predicate offense, *viz*, its "ordinary, contemporary, common meaning."[8] "This meaning is uniform and independent of the 'labels employed by the various States' criminal codes.'"[9] "After determining the generic, contemporary meaning of the predicate offense, we must then compare it to the statute governing the prior conviction. If the defendant was convicted under a statute following the generic definition with only minor variations, or a statute narrower than the generic crime, the sentence enhancement may be applied."[10]

> [T]he generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person. It is this immediate danger element [that] makes robbery deserving of greater punishment than that provided for larceny and extortion . . . . Such danger is inherently present when property is taken by force or putting in fear.[11]

We compare Florida "robbery by sudden snatching" to this generic definition of robbery. The Florida statute states:

> (1) "Robbery by sudden snatching" means the taking of money or other property from the victim's person, with intent to permanently

---

[7] *See United States v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir. 2002).

[8] *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

[9] *Id.* (quoting *Taylor*, 495 U.S. at 592).

[10] *Id.* at 379 (citation omitted).

[11] *United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008) (per curiam) (internal quotation marks and citations omitted) (second and third modifications in original).

or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that:

> (a) The offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or
>
> (b) There was any resistance offered by the victim to the offender or that there was injury to the victim's person.[12]

Florida courts have defined "from the victim's person" as being "plucked from the embrace of the person, not from the person's figurative biosphere."[13] Because the Florida statute neither requires as an element that the victim be placed in immediate danger nor that he be placed in serious fear for his safety, it does not meet the generic contemporary meaning of "robbery."[14] Given that Florida "robbery by sudden snatching" is not the enumerated offense of "robbery," we next ask

> if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including

---

[12] FLA. STAT. ANN. § 812.131(1). The statute defines "in the course of the taking" as "prior to, contemporaneous with, or subsequent to the taking of the property . . . ." *Id.* § 812.131(3)(b).

[13] *Brown v. State*, 848 So. 2d 361, 364 (Fla. Dist. Ct. App. 2003) (concluding that a defendant did not take a purse from the victim's person when the purse had been placed on a park bench *near her*, but *apart from her person*); *see State v. Floyd*, 872 So. 2d 445, 446–47 (Fla. Dist. Ct. App. 2004) (reversing a conviction for robbery by sudden snatching in a case in which the defendant snatched a woman's purse that was located near the center console of a vehicle, but not on her person).

[14] *See Tellez-Martinez*, 517 F.3d at 814–15. *Cf. United States v. Flores-Hernandez*, 250 F. App'x 85, 88–89 (5th Cir. 2007) (unpublished) (per curiam) (holding that the Florida robbery statute (as opposed to robbery by sudden snatching) "require[s] that the defendant use force or fear as a means of acquiring . . . property" and that thus it "contains the essential elements of robbery — the misappropriation of property involving danger to a person").

any explosive material or destructive device) or, *by its nature, presented a serious potential risk of physical injury to another*.[15]

As we discuss below, the second prong of this analysis is dispositive; we thus need not consider whether the Florida offense of robbery by sudden snatching has as an element the "use, attempted use, or threatened use of physical force against the person of another."[16]

In this prong of the inquiry, we ask whether Florida's robbery by sudden snatching "by its nature, present[s] a serious potential risk of physical injury to another."[17] We take a categorical approach in making this determination.[18] Our prior holding in *United States v. Hawkins* dictates that robbery by sudden snatching involves the requisite risk of physical injury.[19] There, we determined whether "theft from a person" under Texas law was a crime of violence. The Texas offense required (1) the appropriation of property, (2) without the owner's effective consent, and (3) from the person of another.[20] "[T]he Texas Court of Criminal Appeals described the crime of theft from a person as consisting of 'conduct which involves the risk of injury inherent in taking property from a

---

[15] U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1 (emphasis added).

[16] We nevertheless note that there is a meaningful distinction between legally sufficient "physical force against" and mere "physical contact with" a person. *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003); *see also United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001) (indicating that the use of force element of a crime of violence involves "destructive or violent force").

[17] U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1.

[18] *United States v. Rodriguez-Jaimes*, 481 F.3d 283, 286 (5th Cir. 2007).

[19] *United States v. Hawkins*, 69 F.3d 11 (5th Cir. 1995).

[20] *See United States v. Hawkins*, 25 F.3d 1044, 1994 WL 261246, at *2 (5th Cir. 1994) (citing TEX. PENAL CODE ANN. §§ 31.03(a), (b)(1), (e)(4)(B)) (unpublished) (per curiam).

person.'"[21] That court also explicitly stated that purse snatching or pick-pocketing are crimes "wherein a struggle might occur or a defendant might injure a person to take the property."[22] In contrast, the court noted that ordinary theft not involving property taken *from a person* — such as taking property sitting on a counter or on the floor — does not involve such risk of fright or injury.[23]  Relying on the Texas Court of Criminal Appeals' description, we concluded that theft from a person is a felony under Texas law that "involves an inherent risk of injury to the victim."[24] We thus determined that the felony was a crime of violence for the purposes of section 4B1.2 of the Guidelines.[25]  The instant case is indistinguishable; Florida robbery by sudden snatching requires no less inherent risk of injury than does the Texas offense of theft from a person.

We also agree with the reasoning in *United States v. Davis*, a decision of the District Court for the District of Maine on which the government relies.[26]  In that case, the court determined that Florida robbery by sudden snatching is a crime of violence.[27]  The court cited both our decision in *Hawkins* and the First Circuit's determination that "[t]aking property directly from a person seems to

---

[21]  *See Hawkins*, 69 F.3d at 13 (quoting *Earls v. State*, 707 S.W.2d 82, 86 (Tex. Crim. App. 1986)).

[22]  *Earls*, 707 S.W.2d at 86.

[23]  *Id.*; *see also Sanders v. State*, 664 S.W.2d 705, 707 (Tex. Crim. App. 1982) ("Theft from the person includes a risk of injury to the person from whom the property is taken that is not present when theft is committed by taking property from the sidewalk . . . .").

[24]  *Hawkins*, 69 F.3d at 13 (citation omitted).

[25]  *Id.*

[26]  *United States v. Davis*, 353 F. Supp. 2d 91, 94–95 (D. Me. 2005).

[27]  *Id.*

us to run a 'substantial' or 'serious' risk that 'physical force' or 'physical injury' will follow."[28]

It is also significant that Florida robbery by sudden snatching requires that "in the course of the taking, the victim was or became *aware* of the taking."[29] By mandating that the victim be aware of the taking, the statute ensures a heightened risk of injury that does not exist when a defendant takes property from the person of another without detection.[30]

Additionally, application of the Supreme Court's decision in *Begay v. United States*[31] does not alter our conclusion. As we recently stated in *United States v. Mohr*, under *Begay* an offense that presents a "serious risk of physical injury to another" can only be a crime of violence if the offense is 'roughly similar, in kind as well as in degree of risk posed, to the [enumerated] examples themselves.'"[32] In our "similarity" inquiry, we look to the fact that "the example crimes all 'typically involve purposeful, violent, and aggressive conduct'" and all — unlike the strict liability, drunk driving offense in *Begay* — "require some form of criminal intent."[33] Here, a robbery-by-sudden-snatching offender clearly has criminal intent. Further, the offense of taking property from a person aware

---

[28] *Id.* (quoting *United States v. McVicar*, 907 F.2d 1, 2 (1st Cir. 1990) (determining whether Tennessee's offense of "larceny from the person" was a crime of violence when the offense required a finding that the "theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken")).

[29] FLA. STAT. ANN. § 812.131(1) (emphasis added).

[30] *See Brown v. State*, 848 So. 2d 361, 364 (Fla. Dist. Ct. App. 2003) ("The statute . . . addresses the horror of a victim who is conscious of the startling seizure of something from her hand or person.").

[31] *Begay v. United States*, 128 S. Ct. 1581 (2008).

[32] *United States v. Mohr*, 554 F.3d 604, 2009 WL 26766, at *3 (5th Cir. 2009) (quoting *Begay*, 128 S. Ct. at 1585).

[33] *Id.* at *4 (citing *Begay*, 128 S. Ct. at 1586–87).

of the taking involves at least as "purposeful, violent, and aggressive conduct" and poses at least as much risk of physical injury as other enumerated offenses such as burglary of a dwelling.

We hold that the Florida offense of robbery by sudden snatching is a crime of violence for the purposes of section 4B1.2 of the Guidelines. The sentencing court did not err in imposing an enhancement for career-offender status under section 4B1.1, so we affirm Bryant's sentence.

AFFIRMED.