THOMAS, J.
 

 Appellant appeals his conviction of robbery by sudden snatching pursuant to section 812.131, Florida Statutes. Appellant contends the trial court erred when it denied his motion for judgment of acquittal because the undisputed facts do not satisfy the statutory elements of that crime. For the reasons explained below, we agree and reverse with instructions to the trial court to enter a judgment of theft, as authorized by section 924.34, Florida Statutes.
 

 Factual Background
 

 The relevant facts are undisputed. The victim was sitting on a bench at a bus stop; her purse was on the bench, touching her right hip. Appellant asked the victim a question about the bus schedule; she responded, then resumed looking straight ahead at the road. The victim then felt her purse “moving,” and when she turned around, she saw Appellant running away with it.
 

 Appellant was charged with robbery by sudden snatching. At the close of the State’s case, Appellant moved for judgment of acquittal, arguing that the victim’s testimony did not establish that the purse was in her physical possession, as required by section 812.131, Florida Statutes; rather, the most that the facts established was that Appellant had committed the crime of theft. Appellant’s motion was denied. The jury found Appellant guilty as charged, and the trial court adjudicated
 
 *1135
 
 Appellant guilty accordingly. This appeal followed.
 

 Analysis
 

 Section 812.131, Florida Statutes (2010), provides, in relevant part:
 

 (1) “Robbery by sudden snatching” means the taking of money or other property
 
 from the victim’s person,
 
 with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the course of the taking, the victim was or became aware of the taking.
 

 (Emphasis added.) The issue here is whether, under these facts, Appellant took the purse “from the victim’s person,” as required by the statute. We conclude that he did not.
 

 Although Appellant was not charged with robbery, comparing the statutory definition of “robbery” with that of “robbery by sudden snatching” is helpful. Section 812.131(1), Florida Statutes, defines robbery as “the taking of money or other property which may be the subject of larceny from the
 
 person or custody
 
 of another -” (Emphasis added.) Thus, the robbery statute applies when property is stolen from a victim’s immediate vicinity and/or control. By contrast, the robbery by sudden snatching statute is more limited, and applies to property taken from a victim’s person, but not when taken from the victim’s reach, proximity, or control.
 
 See Brown v. State,
 
 848 So.2d 361, 364 (Fla. 4th DCA 2003) (noting that the text of the robbery by sudden snatching statute “pointedly omits any reference to the person’s ‘custody,’ a term that would have indicated that a snatching might occur from nearby the person.”).
 

 In
 
 Brown,
 
 the victim was sitting on a park bench and “placed her purse on the bench near her but apart from her person.”
 
 Id.
 
 at 362. The Fourth District rejected the State’s argument that the statute “requires only that the item be within the victim’s reach and control.”
 
 Id.
 
 at 363. The court explained that “the clear import of the statute’s words is to require that the property be abruptly and unexpectedly plucked from the embrace of the person, not from that person’s figurative biosphere.”
 
 Id.
 
 at 364. The court added that the statute “addresses the horror of a victim who is conscious of the startling seizure of something from her hand or person.”
 
 Id.
 
 Because the purse in
 
 Brown
 
 “was not on the victim’s person,” the court reversed the appellant’s conviction of robbery by sudden snatching.
 
 Id.
 

 In
 
 State v. Floyd,
 
 872 So.2d 445 (Fla. 2d DCA 2004), the victim testified that she was sitting in her car with an acquaintance, talking and smoking a cigarette.
 
 Id.
 
 at 446. As the acquaintance “left the car, he grabbed the victim’s purse, which she said was sitting on the car seat between the outside of her right leg and the center console of the vehicle.”
 
 Id.
 
 The appellee moved for judgment of acquittal and asked the court to reduce the charge from robbery by sudden snatching to theft because the purse was removed from the car seat, not the victim’s person.
 
 Id.
 
 The trial court denied the motion, finding that “the victim had constructive possession of the purse because she had possession of [the thief].”
 
 Id.
 
 The Second District reversed, explaining that “the victim’s purse was not ‘plucked from [her] embrace’ because [the appellee] grabbed it from the seat of the car.”
 
 Id.
 
 (quoting
 
 Brown,
 
 848 So.2d at 364). The court further held, “The fact that the victim grabbed [the appellee]
 
 after
 
 he grabbed her purse does not convert his taking of her purse from the seat of her car into the taking of her purse from her person.”
 
 Id.
 

 Although it is not entirely clear whether the victim’s purse in
 
 Floyd
 
 was touching her leg when it was grabbed from the car
 
 *1136
 
 seat, given the court’s reliance on
 
 Brown
 
 and its emphasis on the fact that the purse was not taken from the victim’s embrace, it does not appear that the court’s decision would have been any different had the purse been touching the victim’s leg. Rather, the court focused on the fact that the purse was removed from the car seat, i.e., from the victim’s reach, and this “did not convert [the appellee’s] taking of her purse ... into the taking of her purse from her person.”
 
 Id.
 

 In
 
 Nichols v. State,
 
 927 So.2d 90 (Fla. 1st DCA 2006), this court reversed a conviction for robbery by sudden snatching because the defendant snatched the victim’s purse from the shopping cart she was pushing, and noted that “[njothing indicate[d] that the purse was either being held by the victim or was otherwise on her person.”
 
 Id.
 
 This court also explained that it could not “distinguish the present situation in any meaningful way from that in ...
 
 Floyd.” Id.
 
 at 91. This court focused on the language in Brown and Floyd concerning the fact that the purse in those cases was not “‘plucked from the embrace’ ” of the victim:
 

 the
 
 Floyd
 
 court and the
 
 Brown
 
 court determined that “ ‘the clear import of the statute’s words is to require that the property be abruptly and unexpectedly plucked from the embrace of the person.’ ”
 

 Id.
 
 (quoting
 
 Floyd,
 
 872 So.2d at 446 and
 
 Brown,
 
 848 So.2d at 364).
 

 The
 
 Nichols
 
 court also rejected the State’s argument that it should not follow
 
 Brown
 
 because the victim in
 
 Nichols
 
 “actually had control of the shopping cart” in which her purse was located when it was taken.
 
 Id.
 
 The court explained that the States argument did “not take into account the facts in
 
 Floyd,
 
 where the purse was directly on the victims car seat, between the victims leg and the center console.”
 
 Id.
 

 Based on the foregoing, it is clear that robbery by sudden snatching does not include taking a victim’s property when it is simply close to the victim or within the victim’s reach or control. Although this is a close question, we are constrained by the Legislature’s clear mandate: “The provisions of [the criminal] code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.” § 775.021(1), Fla. Stat.
 

 Here, the victim’s purse was located next to and touching her leg as she sat on a bus stop bench — that is,
 
 next
 
 to her person, not
 
 on
 
 her person; thus, although the purse was in her proximity or custody, it was neither in her grasp nor on her person. The State focuses on the observation that in
 
 Nichols
 
 the purse was not in the victim’s grasp “or
 
 otherwise on her person,”
 
 whereas, here, the purse was touching the victim and created “contact [that] was of such a personal nature that [she] felt the purse move when Appellant snatched it.”
 
 Id.
 
 (quoting
 
 Nichols,
 
 927 So.2d at 90) (emphasis added). Thus, the State argues, “When Appellant snatched the purse, he was snatching it away from contact with her body; in other words, away from the victim’s person.” (Emphasis added.)
 

 First, the State’s argument essentially urges this court to improperly add the word “away” to the statutory phrase “from the victim’s person,” which we decline to do. Furthermore, we think the State reads the phrase “or otherwise on her person” too broadly. The focus in both
 
 Brown
 
 and
 
 Floyd,
 
 upon which
 
 Nichols
 
 relied heavily, as well as in the
 
 Nichols
 
 opinion itself, was the fact that the victim
 
 *1137
 
 was not in actual physical possession of the property when it was taken, but was only in very close proximity to it. In this context, the phrase “or otherwise on her person” requires that the property be actually “on” the victim’s person, not simply next to her, even though it may be in “contact” with the victim. Thus, Appellant was not guilty of robbery by sudden snatching, but of theft, which occurs if a person “knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently ... [d]eprive the other person of a right to the property or a benefit from the property ... [or][a]ppropriate the property to his or her own use or to the use of any person not entitled to the use of the property.” § 812.014(1)(a), (b), Fla. Stat.
 

 Section 924.34, Florida Statutes, authorizes appellate courts to “reverse [a] judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.” Here, the victim’s uncontroverted testimony was that her purse contained $400 in cash when it was taken. Indeed, the trial court entered a restitution order in that amount. This would support a conviction of third-degree felony grand theft under section 812.014(2)(c)l. Pursuant to section 924.34, Florida Statutes, we would be authorized to direct the trial court to enter a judgment for the lesser included offense of third-degree felony theft, even though the penalty for that offense is the same as that for robbery by sudden snatching.
 
 See Sanders v. State,
 
 944 So.2d 203, 207 (Fla.2006) (holding a lesser included offense need not be lesser in both degree and in penalty). However, the jury was not given the option of finding Appellant guilty of felony theft as a lesser included offense. Consequently, pursuant to section 812.014(1), we direct the trial court to enter a judgment against Appellant for misdemeanor theft, the lesser included offense for which the jury was instructed it could find Appellant guilty.
 

 Conclusion
 

 For the reasons explained above, we reverse the judgment as to robbery by sudden snatching and direct the trial court to enter a judgment for theft pursuant to section 812.014(1), and resentence Appellant accordingly.
 

 REVERSED and REMANDED with instructions.
 

 PADOVANO and LEWIS, JJ., concur.