DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.S., a Child,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D14-2955 and 4D14-2956

[February 17, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos S. Rebollo, Judge; L.T. Case Nos. 13001494DL00A, 13001495DL00A, 13001496DL00A, 13001497DL00A, 13001498DL00A, and 13001499DL00A.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

This case involves a child, the Appellant, who stole a phone from his friend's lap, permanently depriving him of it, while the two were sitting and talking. Appellant raises two issues on appeal. Although we affirm on both, we write to address only his first argument and hold that taking money or other property (such as a phone) that is resting on a victim's lap is considered taking "from the victim's person" in violation of section 812.131(1), Florida Statutes (2014).

Appellant attempts to rely on our decision in *Brown v. State*, 848 So. 2d 361 (Fla. 4th DCA 2003), to support his position that the "victim's person" language in the robbery by sudden snatching statute refers only to objects within "the embrace of the person." *Id.* at 364. But in doing so, he ignores what we said shortly after distinguishing the "embrace of the person" from the "person's figurative biosphere": "[t]he statute . . . addresses the horror of a victim who is conscious of the startling seizure of something from her hand *or* person." *Id.* (emphasis added). We used

the "embrace of the person" language to emphasize why the crime in that case, the theft of a purse located on a bench *near* the victim, did not fall under the statute. But the language that followed made clear that one's "embrace" is not the only part of one's "person" contemplated by the statute.

Similar cases to *Brown* from the other District Courts of Appeal support this reading. *See Wess v. State*, 67 So. 3d 1133, 1136 (Fla. 1st DCA 2011) (referring to the item being "*neither* in [the victim's] grasp *nor* on her person" (emphasis added)); *Walker v. State*, 933 So. 2d 1236, 1238 (Fla. 3d DCA 2006) (reversing because the victim did not immediately notice her property was missing rather than because the item was in her purse hanging from her shoulder and not in her embrace).

*Walker* serves as an example of the absurdity of Appellant's argument. Under Appellant's theory, the theft of a purse hanging from a person's shoulder would not constitute robbery by sudden snatching, but the taking of a clutch would. Taking an umbrella off an arm might only be petit theft, but if the umbrella is open and being used it is robbery by sudden snatching. Would-be-thieves would be wise to wait until a hat is resting on its owner's head before taking it, rather than to grab it while the owner is still placing it there. Such distinctions were clearly not the intent of the legislature or of this Court.

The distinction between an object being "on" a person and being grasped by them is minimal compared to the distinctions we and other courts have drawn between an object being on a "victim's person" and merely being within his or her "figurative biosphere" by being located next to them or in a shopping cart. *Brown*, 848 So. 2d at 364; *see Nichols v. State*, 927 So. 2d 90, 90 (Fla. 1st DCA 2006). We therefore hold that the snatching of an object resting on or being carried by a victim (as opposed to merely touching or leaning against the victim), whether or not the victim's fingers are bent around it, is taking "from the victim's person" as that term is used in section 812.131(1), Florida Statutes.

*Affirmed.*

LEVINE and CONNER, JJ., concur.

*　　　*　　　*

**Not final until disposition of timely filed motion for rehearing.**