UNITED STATES of America, Plaintiff–Appellee,

v.

Kedrick HAWKINS, Defendant–Appellant.

No. 94–11015
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1995.

William A. Bratton, III (Court-appointed), Dallas, TX, for Appellant.

Peter A. Winn, Asst. U.S. Atty., Paul E. Coggins, U.S. Atty., Paul David Macaluso, Asst. U.S. Atty., Dallas, TX, for Appellee.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant, Kedrick Hawkins ("Hawkins") was found guilty by a jury of the offense felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of one-hundred-twenty (120) months in prison, three (3) years supervised release and a $50.00 special assessment. He appealed, bringing two points of error relating to his sentence.

## BACKGROUND

Hawkins's presentence report (PSR) stated that Hawkins's crime carried a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because he had two prior felony convictions for crimes of violence, one for aggravated assault and one for theft from a person.[1] The PSR further recommended a two-level enhancement in the offense level under § 2K2.1(b)(4) because the firearm was stolen. Based on a total offense level of 26 and a criminal history category of VI, Hawkins's guideline imprisonment range was 120 to 150 months. U.S.S.G., Chap. 5, Sentencing Table. The statutory maximum term of imprisonment for felon in possession of a firearm is ten years. 18 U.S.C. § 922(g)(1).

In his written objections to the PSR and at the sentencing hearing, Hawkins argued, *inter alia*, that his base offense level was incorrectly calculated because his prior state-court conviction for theft from a person was not "a crime of violence" under § 4B1.2, and that his criminal history category should not have been calculated using all three prior felony convictions because at least one of those convictions had already been taken into account in his offense level as the § 922(g)(1) predicate felony offense. The district court overruled Hawkins's objections and sentenced him to imprisonment for 120 months—the maximum allowed under the statute, but the lowest possible sentence within the calculated guideline range.

## WAS THEFT FROM A PERSON A CRIME OF VIOLENCE?

"This court will uphold a sentence imposed under the Guidelines so long as it is the product of a correct application of the Guidelines to factual findings which are not clearly erroneous." *United States v. Jackson,* 22 F.3d 583, 584 (5th Cir.1994). The district court's findings of fact are reviewed for clear error, and its determination of legal principles is reviewed *de novo. Id.*

Hawkins argues that the district court incorrectly calculated his base offense level because his prior state-court conviction for theft from a person was not "a crime of

---

1. According to the PSR Hawkins also had a third   prior felony conviction for possession of cocaine.

violence" within the meaning of § 4B1.2.[2] Section 2K2.1(a)(2) provides for a base offense level of 24 "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense[.]" Application note 5 of the Commentary to § 2K2.1 indicates that "crime of violence" is defined in § 4B1.2. That section defines crime of violence as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... has as an element the use, attempted use, or threatened use of physical force against the person of another, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1). Application note 2 of the Commentary to § 4B1.2 provides that "[u]nder this section, the conduct of which the individual was convicted is the focus of inquiry."

Hawkins asserts that the crime of theft from another person under Tex. Penal Code § 31.03(e)(4)(B) is not a "crime of violence" because it does not have any of the elements of § 4B1.2(1). There is no published Fifth Circuit precedent addressing whether theft from a person is a crime of violence for purposes of § 4B1.2. However, in affirming the district court's detention order in this case, we determined that the crime of theft from a person under Texas criminal law is a "crime of violence" under 18 U.S.C. § 3156(a)(4)(B) of the Bail Reform Act. *United States v. Hawkins,* No. 94–10414, 25 F.3d 1044 (5th Cir. June 9, 1994). That provision defines a "crime of violence" as "any ... offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Hawkins contends that theft from a person is not a crime of violence, especially when read in conjunction with the Texas Penal Code's definition of robbery, because when there is violence in the context of a theft, under Texas law the crime is robbery. This Court noted, however, in the earlier *Hawkins* opinion that in *Earls v. State,* 707 S.W.2d 82, 86 (Tex.Crim.

App.1986), the Texas Court of Criminal Appeals described the crime of theft from a person as consisting of "conduct which involves the risk of injury inherent in taking property from a person." *See also, Sanders v. State,* 664 S.W.2d 705, 707 (Tex.Crim.App. 1982) ("[t]heft from the person includes a risk of injury to the person from whom the property is taken). This Court concluded that theft from a person is a felony crime under the Texas Code that "involves an 'inherent' risk of injury to the victim." *Hawkins* at 5. There is no logical basis for distinguishing the inquiry required by 4B1.2(1)(ii) that would justify reaching a contrary result. Based on this Court's prior ruling in this case and on Texas law, we conclude that the felony theft from a person under Texas law is a crime of violence for purposes of 4B1.2(1).

## DOUBLE COUNTING

Hawkins also contends that the district court improperly considered his three prior felony convictions in determining his criminal history category because at least one of those convictions had already been taken into account in his offense level as the § 922(g)(1) predicate felony offense. The Government points out that three other circuits have determined that prior felony convictions can be used both as the predicate for establishing a defendant's base offense level under § 2K2.1(a) and for calculating his criminal history category under § 4A1.1. *United States v. Alessandroni,* 982 F.2d 419, 420 (10th Cir.1992) ("[W]e hold that the district court properly used Alessandroni's burglary conviction both as a predicate felony offense under § 922(g)(1) and to increase the defendant's criminal history score. We believe this holding is consistent with the language and the policies behind the Guidelines."); *United States v. Saffeels,* 39 F.3d 833 (8th Cir.1994) (upholding the use of a conviction as an element of § 924(e)(1) and as part of the defendant's criminal history score); *United States v. Wyckoff,* 918 F.2d 925, 927 (11th Cir.1990) (Such "double count-

---

2. Hawkins does not contest that his conviction for aggravated assault is a felony conviction for a "crime of violence" for the purposes of § 4B1.2.

ing" permissible because "the offense level and criminal history scores embody distinctly separate notions related to sentencing. Whereas the offense level reflects the seriousness of the offense adjusted for relevant conduct, the criminal history score reflects an assessment of the individual and the need to increase his sentence incrementally to deter him from further criminal history.") However, the Government concedes that this question of "double counting" in the context of § 922(g)(1) is one of first impression in this circuit.

■ The Sentencing Guidelines do not forbid all double counting. *United States v. Godfrey*, 25 F.3d 263, 264 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 429, 130 L.Ed.2d 342 (1994). Double counting is prohibited only if the particular guidelines at issue specifically forbid it. *Id.; United States v. Box*, 50 F.3d 345, 359 (5th Cir.), *cert. denied* —— U.S. ——, 116 S.Ct. 309, —— L.Ed.2d —— (1995). Rather than prohibiting double counting, Application note 15 of the Commentary to § 2K2.1 specifically provides that "[p]rior felony conviction(s) resulting in an increased base offense level under subsection (a)(2) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History)." However, Hawkins argues that the Commentary to § 4A1.2 prohibits the district court from using the same felony conviction in calculating both his offense level and his criminal history category score. Application note 1 of the Commentary to § 4A1.2 states that a " '[p]rior sentence' means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." According to Hawkins, because at least one of his prior convictions served as a predicate element for § 922(g)(1), that prior conviction constitutes conduct that is "part of the instant offense" and therefore, should not have been included in his criminal history score. Although this court has not yet addressed this precise issue, the Tenth Circuit has expressly rejected the interpretation of § 4A1.2 espoused by Hawkins. "By its own terms, § 4A1.2(a)(1) only precludes the consideration of sentences earlier imposed for "conduct" that is part of the instant offense.

But it is not the conduct of committing a prior felony that is an element of § 922(g)(1); rather, it is the status of being a convicted felon that is an element of § 922(g)(1)." *United States v. Alessandroni*, 982 F.2d 419, 421–23 (10th Cir.1992).

Hawkins cites two Fifth Circuit cases which he contends support his position. In *United States v. Thomas*, 973 F.2d 1152 (5th Cir.1992), we stated that the critical inquiry in determining if certain prior conduct is "part of the instant offense" for purposes of 4A1.2(a)(1) is "whether the prior conduct constitutes a 'severable, distinct offense' from the offense of conviction. *Id.* at 1158, quoting *United States v. Blumberg*, 961 F.2d 787, 792 (8th Cir.1992). Thomas contended that some of the vehicles involved in his state conviction for theft were also involved in his instant federal conviction for altering VINs. In fact, though some of the vehicles that were part of Thomas's state indictments were involved in the investigation of his federal VIN offense, none of the same vehicles were made part of his federal indictment. We therefore concluded that they were severable, distinct offenses, and that there was no error in the district court's application of § 4A1.2(a)(1). *Thomas*, 973 F.2d at 1158. *Thomas* lends no support to Hawkins's argument.

Second, Hawkins relies on *United States v. Ashburn*, 20 F.3d 1336 (5th Cir.1994). The portion of the *Ashburn* opinion that concerned the issue of double counting for sentencing purposes was vacated by the *en banc* court in *United States v. Ashburn*, 38 F.3d 803 (5th Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1969, 131 L.Ed.2d 858 (1995). Ashburn was indicted for four counts of bank robbery. He pleaded guilty to two counts, and the government agreed to forgo prosecution of the other two robberies. The district court departed upward from the calculated guideline range, relying in part on the robberies underlying the dismissed counts. The *en banc* court rejected Ashburn's double counting argument, holding that no statute, guideline section, or Fifth Circuit decision precluded the trial court's consideration of dismissed counts in assessing a defendant's past criminal conduct or the likelihood that

he will commit other crimes. *Id.* at 808. *Ashburn* lends no merit to Hawkins's position.

We conclude that the Guidelines permit consideration of Hawkins's felony conviction in calculating both his offense level and his criminal history. Because one of the elements of the crime of possession of a firearm under § 922(g)(1) in that the defendant have a prior felony conviction, one of Hawkins' convictions must be used in calculating his offense level. Although a more difficult question, it is also clear that the conduct that led to the earlier conviction constitutes a severable and distinct offense from the instant conviction, so that it was properly included in calculating Hawkins's criminal history category.

## CONCLUSION

For the foregoing reasons, we AFFIRM Hawkins's sentence.

AFFIRMED.