IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Case No. 01-20954
_____

UNITED STATES OF AMERICA

     Plaintiff-Appellee

v.

JAMES CLYDE FOBBS

     Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-250)
_____
January 6, 2003

Before KING, Chief Judge, and DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM[*]:

     After waiving his right to a jury trial and proceeding to a bench trial on stipulated facts, Appellant James Clyde Fobbs was found guilty of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Fobbs was sentenced to a term of fifty-one months in prison and a three-year

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

term of supervised release.  The district court also imposed a $100 special assessment fee against him.  Fobbs brings three points of error on appeal.

## PROCEDURAL BACKGROUND

During the bench trial, Fobbs stipulated that (1) he knowingly possessed the firearm at issue on March 5, 2001, (2) the firearm was manufactured outside of the State of Texas and (3) he was previously convicted of three felony offenses — theft from a person in 1996, possession of a controlled substance in 1998 and possession of cocaine in 2000.  The Presentence Report ("PSR") recommended a base offense level of 20 pursuant to § 2K2.1(a)(4) as a result of Fobbs's state conviction for theft from a person in 1996.

Fobbs filed a written objection to the PSR, contending that the specific facts underlying his theft from a person conviction did not involve a "serious risk of injury" to the victim as required for the crime to be a "crime of violence" under U.S.S.G. §§ 2K2.1 and 4B1.2(a)(1).[2]  Based on this court's holding in United States v. Hawkins, 69 F.3d 11 (5th Cir. 1995), the district court overruled this objection.  It determined that Fobbs's theft from a

---

[2]     The PSR and the transcript testimony at sentencing discuss the facts surrounding this conviction.  After the victim cashed his payroll check for $456, Fobbs grabbed the money and fled.  Upon entering a guilty plea, Fobbs was sentenced to two years in state jail probated for five years.  However, after further arrests and related violations of his conditions of community supervision, this probation term was revoked and Fobbs was sentenced to an eight-month state jail term.

person conviction constitutes a "crime of violence" under U.S.S.G. §§ 2K2.1 and 4B1.2(a)(1).

Utilizing a base offense level of twenty prescribed by § 2K2.1(a)(4) and a criminal history category of IV, the district court applied a three-point acceptance of responsibility reduction to calculate the resulting guideline imprisonment range to be fifty-one to sixty-three months.  As stated, the district court sentenced Fobbs to the low end of this range —— fifty-one months of imprisonment.

## ANALYSIS OF FOBBS'S SENTENCE

Although Fobbs raises three points of error on appeal, he concedes that two of these points are foreclosed by circuit precedent and are raised only to preserve them for further review. See McKnight v. General Motors Corp., 511 U.S. 659, 660 (1994) ("Filing an appeal was the only way petitioner could preserve the issue pending a possible favorable decision by this Court"); United States v. Mackay, 33 F.3d 489, 492 n.3 (5th Cir. 1994).  As conceded by Fobbs, United States v. Hawkins, 69 F.3d 11, 13 (5th Cir. 1995), is binding on this court regarding his contention that the crime of theft from a person under Texas law is not a "crime of violence" as defined by §§ 2K2.1 and 4B1.2(a)(1).  Martin v. Medtronic, Inc., 254 F.3d 573, 577 (5th Cir. 2001), cert. denied, 122 S. Ct. 807 (2002) ("[A] panel of this court can only overrule a prior panel decision if 'such overruling is unequivocally

3

directed by controlling Supreme Court precedent.'") (quoting <u>United States v. Zuniga-Salinas</u>, 945 F.2d 1302, 1306 (5th Cir. 1991)).

Further, on numerous occasions –– both before and after <u>United States v. Morrison</u>, 529 U.S. 598 (2000) and <u>Jones v. United States</u>, 529 U.S. 848 (2000) –– this court has held that 18 U.S.C. § 922(g) is a constitutional exercise of Congress's power under the Commerce Clause and that § 922(g) is constitutionally applied to a defendant who evidences entirely intrastate possession of a firearm that is manufactured out-of-state. <u>See, e.g.,</u> <u>United States v. Lee</u>, – F.3d –, 2002 WL 31410952, at *1-2 (5th Cir. 2002) (finding that a sufficient interstate commerce nexus exists where the weapon was manufactured out-of-state but possessed in Texas); <u>United States v. Cavazos</u>, 288 F.3d 706, 712-13 (5th Cir.), <u>cert. denied</u>, 123 S. Ct. 253 (2002); <u>United States v. Henry</u>, 288 F.3d 657, 664 (5th Cir.), <u>cert. denied</u>, 123 S. Ct. 244 (2002); <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1113 (2002); <u>United States v. Pierson</u>, 139 F.3d 501, 503-04 (5th Cir. 1998); <u>United States v. Kuban</u>, 94 F.3d 971, 973 (5th Cir. 1996); <u>United States v. Rawls</u>, 85 F.3d 240, 242-43 (5th Cir. 1996). As conceded, Fobbs's appellate argument regarding the constitutionality of 18 U.S.C. § 922(g) is not an open question in this circuit. <u>Martin</u>, 254 F.3d at 577.

Fobbs's final contention is that his 1996 state conviction for theft from a person does not constitute a "prior felony conviction" as required by U.S.S.G. §§ 2K2.1(a)(4) and 4B1.2 for the district

4

court to impose a base offense level of twenty because it is not an "offense punishable by death or imprisonment for a term exceeding one year."[3]

At the time of Fobbs's sentencing for the 1996 conviction, theft from a person was a state jail felony under Texas law. See TEX. PENAL CODE § 31.03(e)(4)(B). Although state jail felonies at that time carried a maximum punishment of two years and a fine of $10,000, TEX. PENAL CODE § 12.35, Texas's Code of Criminal Procedure required that if a defendant convicted of a state jail felony had no previous felony convictions, the state sentencing judge had to suspend the sentence of confinement and place the defendant on community supervision (probation). See TEX. CODE CRIM. P. art. 42.12, § 15(a) (1996) ("[T]he judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision, unless the defendant has been previously convicted of a felony"). When sentenced for his state jail felony of theft from

---

[3] SENTENCING GUIDELINES MANUAL, § 4B1.2 cmt. 1 (2000). Under the Firearms Guideline in the United States Sentencing Commission Guidelines Manual for the year 2000, § 2K2.1(a)(4) allows for a base offense level of twenty if "the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL, § 2K2.1(a)(4)(2000). Application note 5 to the commentary to § 2K2.1 directs that "prior felony conviction" is defined under the Definitions of Terms in § 4B1.2. Id. at cmt. 5. Application note 1 to § 4B1.2 states that the term "'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S. SENTENCING GUIDELINES MANUAL, § 4B1.2 cmt. 1 (2000).

a person, Fobbs had not previously been convicted of a felony. He thus maintains that because the state sentencing judge had no discretion to sentence him to "imprisonment for a term exceeding one year," the crime falls outside of the definition of a "prior felony conviction" under §§ 2K2.1(a)(4) and 4B1.2, and the district court erred in calculating his base offense level at twenty.

Fobbs raises this point for the first time on appeal. We must therefore review the sentence for plain error, under which Fobbs must show there was error, that was plain and that affected his substantial rights. <u>Henry</u>, 288 F.3d at 664. We will thereafter correct the plain error only if it seriously affects the fairness, integrity or public reputation of the judicial proceeding. <u>Id</u>; <u>United States v. Ravitch</u>, 128 F.3d 865, 869 (5th Cir. 1997).

A recent panel decision of this court obviates the need for us to address Fobbs's argument on this point in much detail. <u>See</u> <u>United States v. Caicedo-Cuero</u>, – F.3d –, 2002 WL 31521599, at * 4-6 (5th Cir. 2002); Appellant Reply at 2 (Fobbs arguing that "[b]ecause <u>Caicedo-Cuero</u> presents essentially the same issue as that presented here, this Court should hold this case pending a decision."). In <u>Caicedo-Cuero</u>, this court held that the defendant's 1995 Texas state jail felony qualifies as a "prior felony conviction" for sentencing purposes under U.S.S.G. § 2L1.2 even though Texas law at the time of the defendant's sentencing called for mandatory community supervision for the defendant. 2002 WL 31521599, at *6 ("Considering both the reason for creation of

6

the state jail felony category and the fact that such crimes were still substantively regarded as felonies supports the notion that . . . the fact that a defendant is a first-time offender [is], as the district court labeled it, a mere 'sentencing factor' that resulted in automatic suspension of the sentence of confinement."). We are bound by this precedent to overrule Fobbs's final objection. See Martin, 254 F.3d at 577.

## CONCLUSION

Finding no error, we AFFIRM Fobbs's sentence.