United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41123
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERT LAMAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-98-ALL
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gilbert Lamas appeals from his guilty-plea convictions for being a felon in possession of a firearm ("Count 1") and possession of firearms in furtherance of a drug-trafficking crime ("Count 3"). Lamas argues that, for Count 1, the use of his prior state conviction in determining his base offense level and his criminal history category constitutes impermissible double counting. He concedes that his argument is foreclosed by United States v. Hawkins, 69 F.3d 11, 15 (5th Cir. 1995), but raises the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue to preserve it for potential Supreme Court review.  Because this issue is foreclosed, it does not warrant relief.

Lamas contends that the district court clearly erred by applying U.S.S.G. § 2K2.1(c)(1)(B) to cross-reference his offense in Count 1 to U.S.S.G. § 2A1.1(a), which is the guideline for first-degree murder, because there was insufficient evidence supporting that cross-reference.  Examination of the record shows that, because the evidence linking Lamas to the drive-by shooting was sufficiently reliable and was not rebutted by Lamas, the district court did not err in adopting that evidence.  See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).  Based on that evidence, the district court did not clearly err by applying the cross-reference provision in U.S.S.G. § 2K2.1(c)(1)(B).  See United States v. Angeles-Mendoza, __F.3d__, No. 04-50118, 2005 WL 950130 at *2 (5th Cir. Apr. 26, 2005).

Lamas argues that, because the fact that he possessed a firearm in furtherance of a drug-trafficking crime was not proved beyond a reasonable doubt, his sentence for Count 3 violated his Sixth Amendment rights under Blakely v. Washington, 124 S. Ct. 2531 (2004), because it increased his sentence beyond the statutory maximum for Count 1.  That argument lacks merit.  See United States v. Hicks, 389 F.3d 514, 532 (5th Cir. 2004).

Lamas also argues that the testimonial evidence presented at his sentencing hearing included hearsay evidence that was

insufficiently reliable due to the lack of corroborating evidence and that the admission of that hearsay evidence violated his rights under the Confrontation Clause. Lamas correctly concedes that this court has held that "[t]here is no Confrontation Clause right at sentencing." United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999). Moreover, as the evidence had a sufficiently reliable basis, the district court did not err in considering that evidence at sentencing. U.S.S.G. § 6A1.3(a).

Lamas contends that the sentencing court's failure to order the production of Lamas's brother's statement upon Lamas's motion violated FED. R. CRIM. P. 26.2(a). However, because Lamas's brother was not a testifying witness at the sentencing hearing, there was no violation of FED. R. CRIM. P. 26.2(a).

The district court's judgment of conviction is AFFIRMED.