United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51119
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-891-ALL

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

In May 2006, Guillermo Hernandez pleaded guilty to illegal reentry after deportation and in August 2006 was sentenced to 46 months of imprisonment, three years of supervised release, a $500 fine, and a $100 special assessment.

Hernandez argues for the first time on appeal that his sentence was unreasonable because the district court employed

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impermissible double counting and thus improperly calculated his guideline range when it increased both his offense level and his criminal history points based on the same prior alien smuggling conviction.[1] Citing *United States v. Henry*, 288 F.3d 657 (5th Cir. 2002), Hernandez further contends that his criminal history should not have been increased based on his prior alien smuggling conviction because it was an element of the illegal reentry offense.

The district court did not plainly err in sentencing Hernandez because the Guidelines do not prohibit such double counting, because *Henry* is distinguishable from the instant case, and because this court has approved of such double counting under similar circumstances concerning U.S.S.G. § 2K1.2. *See* U.S.S.G. § 2L1.2, comment. (n.6); *Henry*, 288 F.3d at 659, 664-65; *United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996); *United States v. Hawkins*, 69 F.3d 11, 14-15 (5th Cir. 1995). Furthermore, Hernandez's double counting argument fails to counter the rebuttable presumption that

---

[1] Hernandez did file a motion for downward departure which the district court denied, but that motion was clearly based only on an asserted ground (that Hernandez had, through his lawyer, unsuccessfully sought permission to re-enter before deciding to re-enter without permission) not reurged on appeal and wholly unrelated to the now complained of double counting. Indeed, Hernandez expressly agreed before the district court that the PSR, which the district court accepted (and to which Hernandez made no objection), correctly identified the applicable advisory guideline sentencing range as 46 to 57 months' confinement (and two to three years supervised released and fine). And, the district court clearly treated the guidelines as advisory only in accordance with *United States v. Booker*, 543 U.S. 220 (2005).

his properly calculated guideline sentence is reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Nothing in the record compels the conclusion that the sentence imposed is unreasonable.

AFFIRMED.