United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**April 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51159
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIGO ANTONIO VEGA-AVILA,
also known as Rodrigo Avila-Mendez,
also known as Rodrigo Antonio Avila,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 3:05-CR-2725-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rodrigo Vega-Avila pleaded guilty of illegal reentry after de-portation. He argues, for the first time on appeal, that his sen-tence is unreasonable because the district court employed imper-missible double-counting and thus improperly calculated his guide-line range when it increased his offense level and criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

points based on the same prior illegal reentry conviction. Citing United States v. Henry, 288 F.3d 657 (5th Cir. 2002), Vega further contends that his criminal history should not have been increased based on his prior illegal reentry conviction, because it was an element of the instant offense.

The district court did not plainly err in sentencing Vega, because the guidelines do not prohibit such double-counting, because Henry is distinguishable from the instant case, and because this court has approved of such double-counting under similar circumstances concerning U.S.S.G. § 2K1.2. See U.S.S.G. § 2L1.2, comment. (n.6); Henry, 288 F.3d at 659, 664-65; United States v. Gaytan, 74 F.3d 545, 560 (5th Cir. 1996); United States v. Hawkins, 69 F.3d 11, 14-15 (5th Cir. 1995).

AFFIRMED.