**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 31, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-50591
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FABIAN CHAVEZ-QUIRARTE,

Defendant-Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2697-ALL
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges

PER CURIAM:[*]

Jose Fabian Chavez-Quirarte (Chavez) appeals the 41-month sentence imposed following his

guilty plea conviction for illegally reentering the United States after having been removed. He argues

that his sentence was unreasonable because the district court employed impermissible double counting

and, thus, improperly calculated his guideline range when it increased both his offense level and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

criminal history points based on the same prior drug trafficking conviction. Citing *United States v. Henry*, 288 F.3d 657 (5th Cir. 2002), Chavez further contends that his criminal history should not have been increased based on his prior alien smuggling conviction because it was an element of the illegal reentry offense.

The Guidelines do not prohibit double counting. <u>See</u> U.S.S.G. § 2L1.2, comment. (n.6); *see also United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). This court has approved of double counting under similar circumstances involving U.S.S.G. § 2K1.2. *See United States v. Hawkins*, 69 F.3d 11, 14-15 (5th Cir. 1995). Chavez's reliance on *Henry* is misplaced as *Henry* is distinguishable from the instant case. *See Henry*, 288 F.3d at 659, 664-65. Accordingly, Chavez has not shown that the district court erroneously calculated the guideline range of imprisonment.

When the district court imposes a sentence within a properly calculated guidelines range, little explanation is required, and this court will infer that the district court considered all of the factors for a fair sentence set forth in the Guidelines. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Here, the district court imposed what it viewed as a "fair and reasonable sentence" under the circumstances of the case. Chavez has not demonstrated that the sentence is unreasonable.

AFFIRMED.