# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50191
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE SAMUEL HERNANDEZ-FUNEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-716-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Samuel Hernandez-Funez appeals the 60-month sentence imposed subsequent to his guilty-plea conviction for being found unlawfully in the United States following deportation, in violation of 8 U.S.C. § 1326. His advisory guidelines sentencing range was 57 to 71 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez first claims his offense level should not have been enhanced by 16 levels pursuant to Guideline § 2L1.2 (based on his prior conviction for robbery) because the enactment was not supported by empirical data or national experience. He contends that, in Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), the Court suggested the presumption should not apply in the absence of such data and experience.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

A district court's sentencing decisions are reviewed for reasonableness in the light of the sentencing factors in 18 U.S.C. § 3553(a). Gall, 128 S. Ct. at 596-97. First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using the above-referenced abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Kimbrough did not address the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to Guideline § 2L1.2 sentences is supported by United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 129 S. Ct. 328

(2008), which involved a similar challenge to that Guideline. The appellate presumption is therefore applicable here.

Next, Hernandez maintains his guidelines sentence was not reasonable because of the manner in which the Sentencing Commission developed the Guideline for illegal-reentry immigration cases. He contends the double-counting of his prior robbery conviction – that is, counting the conviction in determining both his offense level and his criminal-history points – resulted in a sentence greater than necessary to meet the goals of § 3553(a).

"Double counting is impermissible only where the guidelines at issue prohibit it." See United States v. Gaytan, 74 F.3d 545, 560 (5th Cir. 1996). Rather than prohibiting double counting, the commentary to Guideline § 2L1.2 states: "A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points". U.S.S.G. § 2L1.2 cmt. n.6 (2008). Our court has upheld double counting under similar circumstances involving Guideline § 2K1.2. See United States v. Hawkins, 69 F.3d 11, 13-15 (5th Cir. 1995). The reliance on the prior robbery conviction to determine Hernandez' offense level and to calculate his criminal history points did not render his guidelines sentence unreasonable.

Hernandez also asserts the Guidelines do not take into account the mitigating factors, such as his reason for entering the United States and his mental-health problems. He contends the district court abused its discretion in failing to consider these mitigating factors.

The district court heard Hernandez' contentions, including those about his poverty, his lack of education, and the lenient sentence he received for his prior robbery conviction. The district court's remarks reflect it considered those factors, along with the other § 3553(a) factors, and determined that a sentence within the advisory guidelines range was fair and reasonable.

Hernandez has failed to demonstrate his within-guidelines sentence should not be accorded a presumption of reasonableness. See Alonzo, 435 F.3d

3

at 554.  The district court did not abuse its discretion in imposing a sentence within the advisory guidelines range.  Gall, 128 S. Ct. at 597.

AFFIRMED.