# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50562
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAIME SEGURA MORENO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-16-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jaime Segura Moreno appeals the 57-month sentence imposed following his guilty plea conviction of illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326. Moreno argues that the appellate presumption of reasonableness that is normally afforded to sentences that are within the guidelines range is inapplicable in his case. He also argues that even if the presumption is employed, his sentence is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we consider whether the sentence is procedurally sound. *Gall*, 128 S. Ct. at 597. We then consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. *Id.* A sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Moreno's sentence, in part, was based upon a 16-level enhancement set forth in U.S.S.G. § 2L1.2(b)(1)(A)(vii)(2007), due to a prior conviction for transporting illegal aliens. Moreno argues that the enactment of § 2L1.2 was not supported by empirical data or national experience and that in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the Court suggested that the presumption should not apply in the absence of such data and experience. *Kimbrough* does not suggest that the appellate presumption should not apply to guidelines that do not take into account empirical data and national experience. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

Moreno also argues that his guidelines sentence was not reasonable because application of the guidelines resulted in impermissible double counting of his prior conviction for transporting illegal aliens, as this single offense was used both to determine his offense level and his criminal history points. He further argues that the guidelines range does not reflect his motive for committing the offense and that the district court's reliance on the information in the PSR was an insufficient basis for the top-of-the-range sentence.

As Moreno did not present these arguments in the district court, plain error review governs. *See United States v. Mares*, 402 F.3d 511, 513 (5th Cir. 2005); *United States v. Green*, 324 F.3d at 375, 381 (5th Cir. 2003). To show plain error, Moreno must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If Moreno makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Moreno's argument regarding impermissible double counting is without merit. "Double counting is impermissible only where the guidelines at issue prohibit it." *See United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). Rather than prohibiting double counting, the commentary to § 2L1.2 states that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." § 2L1.2, comment. (n.6). This court has upheld double counting under similar circumstances involving U.S.S.G. § 2K1.2. *See United States v. Hawkins*, 69 F.3d 11, 14-15 (5th Cir. 1995). Moreno's remaining arguments fail to establish that the district court erred. As discussed above, Moreno's sentence is entitled to a rebuttable presumption of reasonableness. *Rita,* 127 S. Ct. at 2462; *Alonzo*, 435 F.3d at 554. The district court explicitly stated that it was considering the § 3553(a) factors, it relied on unchallenged facts set forth in the PSR to determine where within the guidelines range the sentence should fall, it considered the arguments that were presented at the sentencing hearing, and it specifically determined that this case was "out of the realm of being a simple illegal reentry case." Given the deference that is due to such a sentence, Moreno has failed to rebut the presumption of reasonableness that is applied in this context. *See Campos-Maldonado*, 531 F.3d at 338.

The judgment of the district court is AFFIRMED.