**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-51057
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

VICTOR VALENZUELA-GUERRERO, also known as Victor Valenzuela

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1444-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor Valenzuela-Guerrero appeals the sentence imposed following his guilty plea conviction for illegal reentry.[1] Valenzuela argues that his guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is flawed under *Kimbrough v. United States*[2] because it is not empirically-based. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 8 U.S.C. § 1326.

[2] 552 U.S. 85 (2007).

argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the Guidelines account for his prior conviction both to increase his offense level and to calculate his criminal history score.

We have rejected Valenzuela's first argument in *United States v. Mondragon-Santiago*,[3] holding that *Kimbrough* does not address the appellate presumption of reasonableness, instead reminding that it is within the discretion of the district court "to consider the policy decisions behind the Guidelines, including the presence or absence of empirical data, as part of their § 3553(a) analysis."[4] As in *Mondragon-Santiago*, we decline to second guess the district court's decision simply because a Guideline may not be empirically-based.

Valenzuela's second argument that the Guidelines double counted his prior conviction is also unavailing. The Guidelines do not prohibit double counting.[5] And we have approved of double counting under similar circumstances.[6] Accordingly, Valenzuela has not shown that the district court erroneously calculated the guideline range of imprisonment.

AFFIRMED.

---

[3] 564 F.3d 357 (5th Cir. 2009).

[4] *Id.* at 366.

[5] U.S.S.G. § 2L1.2, comment 6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).").

[6] *U.S. v. Hawkins*, 69 F.3d 11, 13–15 (5th Cir. 1995) (holding that under U.S.S.G. § 2K2.1 "the Guidelines permit consideration of [the defendant]'s felony conviction in calculating both his offense level and his criminal history.").