# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2009

Charles R. Fulbruge III
Clerk

No. No. 09-50128
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS ANTONIO ARGUMEDO-CARDIEL, also known as Antonio Cardiel

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2519-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Antonio Argumedo-Cardiel (Argumedo) appeals the 16-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a), and was therefore substantially unreasonable. Specifically, Argumedo argues that the advisory guideline range was too severe because U.S.S.G. §

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2L1.2 gives heavy weight to the defendant's prior convictions in calculating the offense level, effectively double-counting the defendant's prior convictions. He also argues that the advisory guideline range was too severe to account for his non-violent illegal reentry offense and that his motive for reentering was a factor that mitigated the seriousness of his crime. We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[1]

This court has rejected the argument that using a prior conviction to both increase the offense level and calculate the criminal history is impermissible "double-counting."[2] The district court considered Argumedo's request for a sentence at the bottom of the applicable guideline range, and it ultimately determined that a sentence at the top of that range was appropriate based on the circumstances of the case and the § 3553(a) factors. Argumedo's assertions that the non-violent nature of his offense and his motive for reentering the United States justified a lower sentence are insufficient to rebut the presumption of reasonableness.[3] As Argumedo has not demonstrated the district court's imposition of a sentence at the top of the guideline range was an abuse of discretion, the district court's judgment is AFFIRMED.

---

[1] United States v. Delgado-Martinez, 564 F.3d 750, 751 (5th Cir. 2009).

[2] See United States v. Hawkins, 69 F.3d 11, 14 (5th Cir. 1995).

[3] See United States v. Gomez-Herra, 523 F.3d 554, 565 (5th Cir. 2008).