**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 28, 2011

No. 11-30144
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHELTON PETER FRUGE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-241-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Shelton Peter Fruge pleaded guilty to two counts of production of child pornography.  Fruge was sentenced to the statutory maximum of 30 years of imprisonment on each count to be served consecutively. The district court also ordered that Fruge's federal sentence be served consecutively to his undischarged state court sentences.  On appeal, Fruge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the imposed sentence violates the Eighth Amendment and is unreasonable.

Fruge asserts that the sentence imposed violates the Eighth Amendment's bar against cruel and unusual punishment. Fruge's Eighth Amendment claim is conclusional and unsupported by legal analysis. We are not required to search the record to find the legal basis for an issue. *See United States. v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). As Fruge is represented before us by counsel, his brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Issues must be briefed to be preserved. FED. R. APP. P. 28(a)(9). As this issue is thus not preserved, we shall not consider it.

Fruge contends that his sentence is procedurally and substantively unreasonable. Following *United States v. Booker*, 543 U.S. 220 (2005), preserved sentencing issues are reviewed for reasonableness in light of the factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review process of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id.* at 752-53. If the sentence is procedurally sound, we may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53. Additionally, the sentencing court's findings of fact are reviewed for clear error and its application of the Sentencing Guidelines are reviewed de novo. *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008).

Fruge asserts that his sentence is procedurally unreasonable because the application of the four-level enhancement under § 2G2.1(b)(4) and the two-level enhancement under § 2G2.1(b)(2)(A) constitutes impermissible double counting and because the grouping of his offenses and the application of a multiple-count adjustment was improper. In view of the definitions of "sexual act" and "sexual contact" applicable under § 2G2.1(b)(2)(A), we disagree with Fruge's assertion

that when § 2G2.1(b)(2)(A) applies, the enhancement under § 2G2.1(b)(4) must also apply. *See* § 2G2.1, comment (n.2); *United States v. Lyckman*, 235 F.3d 234, 240 (5th Cir. 2000). Further, "[d]ouble counting is prohibited only if the particular guidelines at issue specifically forbid it." *United States v. Hawkins*, 69 F.3d 11, 14 (5th Cir. 1995). Fruge has not pointed to any guideline provision that forbids application of both a two-level enhancement under § 2G2.1(b)(2)(A) and a four-level enhancement under § 2G2.1(b)(4). Neither do we find error in the district court's application of the grouping rules of the Sentencing Guidelines. *See* § 2G2.1, comment (n.5) (stating that "multiple counts involving the exploitation of different minors are not to be grouped together under § 3D1.2 (Groups of Closely Related Counts)"). It was not error for the district court to add one level to the higher offense level applicable to Victim #1 to arrive at a combined offense level of 47. *See* § 3D1.4(a).

Fruge asserts that his 720-month sentence is substantively unreasonable, arguing that (1) the district court unfairly presumed that the statutory maximum (30 years for each count) was warranted because Fruge's advisory sentencing guidelines range of life in prison was so severe, (2) the district court failed to consider as a mitigating circumstance the fact that Fruge was sexually abused as a child, (3) the 30-year sentences imposed for Count 1 and Count 2 were ordered to be served consecutively, and (4) the district court ordered Fruge's federal sentence of 720 months to be served consecutively to his undischarged state sentences.

As previously stated, preserved sentencing issues, such as number (3) set forth above, are reviewed for reasonableness, and a district court's interpretation or application of the Sentencing Guidelines are reviewed de novo. *Mares*, 402 F.3d at 519-20; *Burns*, 526 F.3d at 859; *see also United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006) (stating that the court evaluates the imposition of a consecutive sentence as a part of the substantive reasonableness of a sentence). Because Fruge did not object to the reasonableness of the sentence

imposed or to the district court's order that the federal sentence imposed be served consecutively to his undischarged state sentences (numbers 1, 2, and 4 set forth above), review of these alleged errors on appeal is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009). To show plain error, Fruge must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Fruge has not shown that he is entitled to relief. Fruge's assertions that (1) the district court felt obligated to impose the statutory maximum sentence because the advisory guidelines sentence of life was so severe and (2) the district court did not consider the mitigating fact that Fruge was abused as a child, are conclusional. Fruge identifies no evidence or anything else in the record to support these contentions. Neither was it error for the district court to order that Fruge's 30-year sentence for Count 1 be served consecutively to his 30-year sentence for Count 2. *See* § 5G1.2(d). As for Fruge's contention that, under U.S.S.G. § 5G1.3(b), the district court should have ordered that his federal sentence be served concurrently with his state sentences, the record demonstrates that the district court considered whether Fruge's federal sentence should be imposed to run concurrently with his state sentences, as provided for in § 5G1.3(b). The district court ultimately determined, however, that the facts of the case warranted the consecutive running of the federal and state sentences. Fruge has not shown reversible plain error with regard to this issue.

The record shows that, in determining Fruge's sentence, the district court considered the parties' arguments, the Sentencing Guidelines, and the factors set forth in § 3553. Fruge's sentence is within the statutory maximum for his offenses and is well supported by the facts and record in the case. Fruge has not

demonstrated that the sentence imposed by the district court is substantively unreasonable.  *See Mondragon-Santiago*, 564 F.3d at 364.

AFFIRMED.