**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2011

Lyle W. Cayce
Clerk

No. 11-40408
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS SOSA-ALMONTES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-920-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Jose Luis Sosa-Almontes (Sosa) appeals his conviction and 27-month within-guidelines sentence, following his conditional guilty plea to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Sosa contends that the district court erred in denying his motion to suppress the evidence of the firearm seized from his vehicle. In denying Sosa's motion to suppress, the district court determined that probable cause existed for Sosa's arrest and that his consent to search the vehicle was voluntary. In the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternative, the court determined that even if Sosa's consent to the search was not voluntary, there was probable cause for an arrest, so the firearm would have been found routinely in a lawful inventory search of the vehicle. Sosa has failed to challenge on appeal the district court's determination that, even if his consent was not voluntary, the firearm would have been discovered in an inventory search of the vehicle. Accordingly, he has abandoned review of that issue. *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir.1992). Sosa has not demonstrated that the district court's denial of his motion to suppress the evidence was erroneous.

Sosa asserts that his within-guidelines sentence violates the Fifth and Sixth Amendments and is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because (1) his criminal history score included points for a 2003 simple possession conviction, which constituted double counting, and (2) he had become a model and productive citizen, working mainly to assist his ailing mother.

As Sosa did not raise either of these appellate arguments in the district court, we review for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

To the extent that Sosa asserts that his 2003 conviction, for which he was assigned three criminal history points, was for simple possession of a controlled substance, he is incorrect. That prior conviction was for possession with intent to deliver a controlled substance. To the extent that Sosa raises a double-counting argument, it is unavailing. *See United States v. Hawkins*, 69 F.3d 11, 14-15 (5th Cir. 1995).

No. 11-40408

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Sosa's assertion that he had become a model and productive citizen, working mainly to assist his ailing mother, is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 518, 526 (5th Cir. 2008). Sosa has not shown that his sentence is unreasonable and has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554-55. Sosa has not shown that the district court abused its discretion under *Gall v. United States*, 552 U.S. 38, 49-51 (2007), and thus has shown no error, plain or otherwise. Accordingly, the judgment of the district court is AFFIRMED.