# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-11204
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICHOLAS SCOTT SIDES,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-136-1

————————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Nicholas Scott Sides appeals his guilty plea conviction and his 120-month sentence of imprisonment for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g), 924(a)(2). The Government moves for summary affirmance and, alternatively, for an extension of time to file its brief.

There is no merit to Sides's contention that the use of a prior felony conviction both as the necessary predicate for his felon-in-possession offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and to increase his criminal history category constitutes double counting prohibited by the Sentencing Guidelines. "[T]he Guidelines do not prohibit double counting except when the particular Guideline at issue expressly does so." *United States v. Luna*, 165 F.3d 316, 323 (5th Cir. 1999). *In United States v. Hawkins*, 69 F.3d 11, 14-15 (5th Cir. 1995), we held that the Guidelines permit the district court to consider a defendant's prior felony convictions in calculating both his offense level under U.S.S.G. § 2K2.1(a)(1) and his criminal history category. "Because one of the elements of the crime of possession of a firearm under § 922(g)(1) [is] that the defendant have a prior felony conviction, one of [the defendant's] convictions must be used in calculating his offense level." *Id.* at 15.

Sides correctly acknowledges that *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), forecloses his argument, based on *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012) (*NFIB*), that § 922(g) is unconstitutional facially and as applied to him because it regulates conduct that falls outside of the Government's power to regulate commerce. As we explained, *NFIB* "did not address the constitutionality of § 922(g)(1), and it did not express an intention to overrule the precedents upon which our cases-and numerous other cases in other circuits-relied in finding statutes such as § 922(g)(1) constitutional." *Alcantar*, 733 F.3d at 146.

Finally, Sides correctly concedes that our decision in *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), forecloses his argument that his charging document fails to allege the proper *mens rea* for a felon-in-possession offense. In *United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009), we explained that *Dancy* is still good law even after the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), on which Sides relies. Sides asserts that *Dancy* should be overruled, but one panel of this court may

No. 15-11204

not overrule the decision of another absent a superseding en banc or Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file its brief is DENIED.