# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN FRANCISCO ELIZONDO-RAMOS, also known as Juan Elizondo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-385-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Elizondo-Ramos appeals the sentence for his illegal reentry offense that was at the low end of the applicable guideline range. He argues that his sentence was substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Elizondo-Ramos concedes that review is for plain error under *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), but challenges the appropriate standard of review to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

preserve the issue for possible review by the Supreme Court.  To succeed under the plain error standard, Elizondo-Ramos must show an error that is clear or obvious and that affects his substantial rights, but even so, this court will exercise its discretion to correct any error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted); *see Rita v. United States*, 551 U.S. 338, 347 (2007).  Elizondo-Ramos believes that the presumption should not be afforded to a sentence under U.S.S.G. § 2L1.2 because the guideline lacks an empirical basis.  However, he recognizes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), and he raises it solely to preserve its further review.

Addressing the substantive reasonableness of the sentence, Elizondo-Ramos argues that the district court ignored the mitigating aspects of the offense, specifically that he readily admitted his guilt when apprehended and, having already been assaulted by gang members, returned to the United States to save his life.  The record reveals that the district court did not ignore Elizondo-Ramos's arguments in mitigation.  Rather, it rejected them given the lengthy nature of his criminal history.

Insofar as Elizondo-Ramos takes issue with the "double counting" of his Texas robbery conviction, for which he received a 16-level enhancement under

No. 16-51140

§ 2L1.2(b)(1)(A)(ii), the guideline required such counting and thus did not render his sentence greater than necessary to meet the § 3553(a) goals. *See United States v. Hernandez-Funez*, 307 F. App'x 799, 801 (5th Cir. 2009). Finally, Elizondo-Ramos complains that the district court refused to sentence him under, at the date of sentencing, soon-to-be amended § 2L1.2. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 802 (U.S. SENTENCING COMM'N 2016). However, he has shown no plain error in that regard inasmuch as the district court was not required to consider the amendment. *See United States v. Solis*, 675 F.3d 795, 797 (5th Cir. 2012).

AFFIRMED.